James M. LUNNEN, Petitioner,

v.

UTAH DEPARTMENT OF TRANSPOR-
TATION, and the Career Service Review
Board of the State of Utah, Respon-
dents.

No. 930737–CA.

Court of Appeals of Utah.

Nov. 21, 1994.

Certiorari Denied March 13, 1995.

Phillip W. Dyer, Salt Lake City, for petitioner.

Stephen G. Schwendiman and Jan Graham, Salt Lake City, for respondents.

Before BENCH, DAVIS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

James M. Lunnen (Lunnen), petitions for review of the Career Service Review Board's (CSRB) affirmance of the Utah Department of Transportation's (UDOT) disciplinary action against him. We affirm.

## BACKGROUND

Lunnen has been employed by UDOT since 1978. In 1989, UDOT promoted Lunnen to a Grade 19 Highway Operations Specialist. Highway Operations Specialists are subject to being on twenty-four-hour emergency "call-out." Such emergencies include snow removal, guard rail repair, and other types of highway maintenance.

On April 2, 1992, Paul Crossland, Lunnen's supervisor at UDOT, informed Lunnen that he would be disciplined if he did not improve his response to call-outs. On June 12, 1992, Lunnen received a call from a UDOT dispatcher instructing him to report immediately to 700 West and I–215 in Salt Lake County. Lunnen, however, failed to report to the location. Consequently, on August 15, 1992, UDOT demoted Lunnen to a Grade 17 Highway Operations Specialist with a corresponding 2.75% reduction in pay.

Lunnen appealed his demotion to CSRB. CSRB appointed a hearing officer who, on November 10, 1992, held an evidentiary hearing on Lunnen's appeal. Gene Sturzenegger, a UDOT district manager, testified at the hearing that UDOT imposed similar disciplinary action against another employee who had failed to respond to call-outs. Others also testified regarding Lunnen's failure to respond to the call-out and his subsequent demotion. Lunnen testified that he believed the call-out to be a prank and therefore did not respond. Lunnen did not assert at any time during the hearing that the disciplinary action taken against him was inconsistent

with UDOT actions against other employees for similar infractions.

On January 5, 1993, the hearing officer issued an Interim Order stating that Lunnen was subject to discipline because he had been insubordinate by not responding to the June 12 call-out. The hearing officer held Lunnen's demotion and pay reduction in abeyance until UDOT submitted further proof that the disciplinary action taken against Lunnen was consistent with similar insubordination incidents. The hearing officer ordered that the record remain open pending UDOT's compliance with the order to provide additional information. Lunnen subsequently filed with the hearing officer a Request for Reconsideration, objecting to introduction of further evidence by UDOT and requesting that the hearing officer dismiss UDOT's case because it failed to meet its burden of proof. The hearing officer received UDOT's additional evidence, and, on March 15, 1993, upheld the disciplinary sanction against Lunnen and denied Lunnen's Request for Reconsideration.

On October 27, 1993, CSRB affirmed the hearing officer's Order that upheld UDOT's disciplinary action. However, CSRB found that the hearing officer's requirement that UDOT produce additional evidence of consistency was unnecessary, reasoning that the testimony of Gene Sturzenegger was sufficient evidence regarding consistency and proportionality of the sanction. This petition for review followed.

## ISSUES

Lunnen presents three issues in his petition for review. First, did CSRB err in placing the burden of proof on Lunnen to demonstrate that the sanction was inconsistent? Second, did CSRB err in determining that UDOT presented sufficient evidence of

1. Because we find that Lunnen was required to at least raise the issue of inconsistency at the evidentiary hearing, but failed to do so, and because we further find that Lunnen failed to rebut UDOT's evidence of proportionality and consistency, we do not reach Lunnen's second and third arguments.

2. In its Decision and Final Agency Action, dated October 27, 1993, CSRB states that:

consistent application? Third, did the hearing officer err in leaving the record open to allow additional evidence on the issue of the appropriate sanction? [1]

## STANDARD OF REVIEW

Absent a statutory grant of discretion, a state agency's interpretation of a statute presents a question of law, which this court reviews for correctness. *Morton Int'l, Inc. v. Auditing Div.*, 814 P.2d 581, 588 (Utah 1991). However, we review an agency's application of its own rules for reasonableness and rationality, according the agency some, but not total deference. *Kent v. Department of Employment Sec.*, 860 P.2d 984, 986 (Utah App.1993) (stating that review of CSRB's affirmance of state employee's termination required application of facts to departmental rules and thus requires reasonableness and rationality test).

## ANALYSIS

### Burden Of Proof

Lunnen asserts that CSRB erred in shifting to him the burden of proving UDOT's inconsistency of discipline and abuse of discretion. [2]

To begin our analysis, we first examine the role CSRB plays in the review process. CSRB's authority to review departmental disciplinary actions is limited to determining if there is factual support for the charges and, if so, whether the sanction is so disproportionate to the charges that it "amounts to an abuse of discretion." *Utah Dep't of Corrections v. Despain*, 824 P.2d 439, 443 (Utah App.1991). In *Despain*, the Utah Department of Corrections dismissed a prison guard for off-duty conduct including drunk driving and domestic disputes. The Department's Administrative Law Judge

UDOT had the initial burden to show that its discipline was supported by just cause. Once the agency has shown that its disciplinary sanction was reasonable and correct in relation to the facts and circumstances, then the burden is on the employee to show that the penalty imposed was disproportionate or otherwise constituted an abuse of discretion.

found that there was a factual basis to support the Department's allegations. The guard then appealed to CSRB which overturned the Department's termination, finding that the guard had not been terminated for just cause. *Id.* at 441. This court reversed CSRB's determination because the Department's allegations were supported by the facts and because we were unable to say that the discipline was clearly disproportionate. *Id.* at 448. *See also Pickett v. Department of Commerce*, 858 P.2d 187 (Utah App.1993). Therefore, we must determine if CSRB appropriately reviewed Lunnen's disciplinary sanction by considering if UDOT presented factual support for its allegations and if the sanction was so disproportionate that it amounted to an abuse of discretion.

■ Lunnen does not dispute that UDOT produced sufficient evidence of his misconduct. Indeed, evidence of Lunnen's failure to respond to an emergency call-out clearly supports UDOT's assertion of misconduct. Lunnen does, however, dispute that CSRB had sufficient evidence to determine whether the disciplinary sanction was disproportionate. Lunnen, as part of his disproportionality argument, states that UDOT had the burden of proving that the sanction was consistent with other insubordination actions. As support for this argument, Lunnen cites Utah Code Ann. § 67–19a–406(2)(a) (Supp. 1993), which states that "[t]he agency has the burden of proof in all grievances resulting from dismissals, [and] demotions." Further, Lunnen points to Rule 477–11–1.(1) of the Rules of the Department of Human Resource Management which states that the type and severity of any disciplinary action taken shall be governed by principles of due process which include: (a) *Consistent application,* (b) prior knowledge of rules and standards, (c) determination of facts, (d) timely notice of noncompliance, and (e) opportunity to respond and rebut. R477–11–1.(1) Utah Admin.Code (1993) (emphasis added). Lunnen argues that when taken together, Section 67–19a–406 and Rule 477–11–1.(1) place on UDOT the burden of proving that the discipline was consistent with other discipline for similar misconduct. Thus, Lunnen asserts that CSRB erred in placing the burden of proof on him instead of UDOT.

■ We agree with Lunnen that UDOT must persuade CSRB that the sanction imposed was not disproportionate. Moreover, we believe that consistency of discipline may be a part of CSRB's disproportionality analysis. Lunnen, however, would have us take one step further and require UDOT to affirmatively prove consistency of discipline as outlined in Rule 477–11–1.(1). However, consistency of discipline is only one of several due process requirements listed in the rule. If we were to adopt Lunnen's argument, we would also have to require UDOT to affirmatively prove all aspects of due process enumerated in Rule 477–11–1.(1), including the employee's prior knowledge of rules and standards, determination of facts, timely notice of noncompliance, and opportunity to respond and rebut. *Id.*

■ Such a requirement, that the agency affirmatively prove all aspects of due process, regardless of whether the employee has raised a due process concern at the evidentiary hearing, is both impractical and unduly onerous. The agency has the initial burden to show that the discipline was not disproportionate to the misconduct. Once the agency fulfills that initial burden, it is incumbent on the employee to raise any due process concerns, including consistency, so that due process issues can be dealt with properly. The agency, as well as the employee, is entitled to notice of the issues to be raised. This requirement ensures that the employee's due process rights are protected while at the same time provides a fair and reasonable process for all concerned.

■ Therefore, we hold that once the agency fulfills its initial burden of providing a factual basis for its allegations and its burden of demonstrating that its sanction is not disproportionate, the employee must then raise due process concerns and/or rebut the agency's evidence. If the employee fails to do so, there is no basis on which to find that the agency's sanction "amounts to an abuse of discretion." *Despain,* 824 P.2d at 443.

■ Since Lunnen failed to raise consistency as an issue at the evidentiary hearing, CSRB was correct in not requiring UDOT to

affirmatively present additional evidence that Lunnen's sanction was consistent with similar misconduct cases.

### Sufficient Evidence

 We must next determine if UDOT presented sufficient evidence to meet its burden of proving that the sanction was not disproportionate to the misconduct.

In its Decision and Final Agency Action, CSRB found that "[t]he record evidence, based upon the facts and circumstances of Mr. Lunnen's case, establishes just cause for his demotion." CSRB found that UDOT had produced sufficient evidence regarding the severity of the insubordination, stating that Lunnen's "response rate [to call-outs] from January through June 21 was an unacceptable twenty percent." Moreover, CSRB found that the "Department's penalty was based upon the totality of Mr. Lunnen's insubordination behavior . . . not just for his failure on June 12."

CSRB also found that UDOT had produced sufficient evidence regarding the proportionality of the sanction. CSRB accepted the testimony of Gene Sturzenegger, a UDOT district manager, who testified about an incident that occurred two years prior to the hearing when another employee repeatedly disregarded instructions to respond to emergency call-outs. Sturzenegger testified that on one occasion the employee had been called at home, answered the dispatcher's call, yet deliberately failed to respond. The employee's insubordination resulted in a two-grade demotion coupled with a ten or eleven percent pay decrease. Thus, CSRB stated that "there is sufficient credible substantial evidence in Director Sturzenegger's unrebutted testimony regarding the Tooele employee's insubordinate actions to support UDOT's demotion of Mr. Lunnen."

Lunnen failed to rebut any of UDOT's evidence regarding severity of the misconduct or proportionality of the sanction at the evidentiary hearing. Therefore, we cannot say that CSRB's ruling that UDOT presented sufficient evidence to support its sanction against Lunnen fell beyond the bounds of reasonableness and rationality.

### CONCLUSION

Although the agency ultimately must convince the hearing officer and CSRB that the disciplinary sanction is not disproportionate, the employee must at least raise concerns about consistency or other due process concerns so that CSRB may appropriately deal with those issues. In this case, Lunnen failed to raise the issue at the evidentiary hearing and further failed to rebut evidence provided by UDOT that the sanction was not disproportionate. We therefore uphold CSRB's affirmance of UDOT's disciplinary sanction against Lunnen.

BENCH and DAVIS, JJ., concur.